**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GUSTAVO MARTINEZ-GARCES,

    Petitioner,

vs.                                            Case No.:    3:19-cv-421-J-39PDB
                                                                              3:18-cr-196-J-39PDB

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case is before the Court on Petitioner Gustavo Martinez-Garces's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 6, Amended § 2255 Motion).[1] Martinez-Garces raises two claims of ineffective assistance of counsel. He claims that counsel (1) "was ineffective for failing to obtain six months of Jail Credit to which Petitioner is entitled" and (2) that counsel was ineffective for failing to ensure that he was sentenced under the First Step Act of 2018.[2] The United States has responded in opposition. (Civ. Doc. 10, Response). Martinez-Garces did not file a reply. Thus, the Amended § 2255 Motion is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the

---

[1] Citations to the record in the underlying criminal case, United States v. Gustavo Martinez-Garces, No. 3:18-cr-196-J-39PDB, will be denoted as "Crim. Doc. \_\_." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:19-cv-421-J-39PDB, will be denoted as "Civ. Doc. \_\_."
[2] Although Martinez-Garces lists both claims under "Ground One," see Amended § 2255 Motion at 4-6, they appear to be distinct claims.

1

merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Martinez-Garces's Amended § 2255 Motion is due to be denied.

**I.     Background**

Martinez-Garces was born in Colombia in 1958 and fled to the United States in 1971, after he survived being shot by a member of the Revolutionary Armed Forces of Colombia (FARC). (Crim. Doc. 25, Presentence Investigation Report at ¶¶ 35, 36, 38). However, he did not enter the United States legally. Martinez-Garces has twice been deported back to his home country – once in December 1980 and again in June 2001 – but both times he returned to the United States (without authorization) "because he has no familiarity with Colombia." Id. at ¶ 39; see also id. at ¶¶ 4, 10. In September 2002, Martinez-Garces obtained a Florida driver's license under the stolen identify of one "Felix Antonio Quinones Llanos." Id. at ¶ 11. He replaced the license five times, including on June 19, 2015, by using a Puerto Rico birth certificate and a Social Security card in Llanos's name. Id. Martinez-Garces was caught when an officer with the Jacksonville Sheriff's Office arrested him on April 26, 2018, for heroin and evidence-tampering offenses. Id. at ¶ 9. During the arrest, Martinez-Garces identified himself as Felix Antonio Quinones Llanos, but the police discovered his true identity when they entered his fingerprints into an automated identification system. Id. Because Martinez-Garces did not have permission to re-enter the United States, immigration authorities lodged a detainer

with state authorities. Id. at ¶ 10.

"[O]n October 10, 2018, after Martinez-Garces completed a state jail term, he was transferred into administrative federal custody." Id. Eight days later, on October 18, 2018, a deportation officer with Immigration and Customs Enforcement (ICE) filed a criminal complaint accusing Martinez-Garces of unlawful reentry, in violation of 8 U.S.C. § 1326. (Crim. Doc. 1, Complaint). The Court ordered that Martinez-Garces be detained without bail. (Crim. Doc. 6, Order of Temporary Detention; Crim. Doc. 11, Order of Detention Pending Trial). On October 31, 2018, a federal grand jury returned a three-count indictment against Martinez-Garces. (Crim. Doc. 13, Indictment). Count One charged him with falsely claiming to be a United States citizen with the intent to obtain a State benefit (i.e., a Florida driver's license), in violation of 18 U.S.C. § 1015(e); Count Two charged him with using a stolen identification in relation to falsely claiming to be a United States citizen with intent to obtain a State benefit, in violation of 18 U.S.C. § 1028A(a)(1); and Count Three charged him with unlawful reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Martinez-Garces pled guilty to Count Two pursuant to a written plea agreement. (Crim. Doc. 21, Plea Agreement). In exchange for his guilty plea, the United States agreed to dismiss Counts One and Three of the Indictment. Plea Agreement at 2-3. The Magistrate Judge who presided over the change-of-plea colloquy recommended "that his plea was intelligently, knowingly, and voluntarily made, and that the facts that he admitted establish the elements of the charged offense." (Crim. Doc. 22, Report and Recommendation Concerning Guilty Plea). Without objection, the Court accepted the guilty plea and adjudicated him accordingly. (Crim. Doc. 24, Acceptance of Plea). The Court sentenced Martinez-Garces to the statutorily-mandated term of two years in prison, see 18 U.S.C. §

1028A(a)(1), and recommended to the Bureau of Prisons (BOP) that Martinez-Garces receive credit for the eight days he spent in administrative custody (i.e., the period between October 10, 2018, and October 18, 2018). (See Crim. Doc. 28, Minutes of Sentencing Hearing; Crim. Doc. 29, Judgment).

The Court entered judgment on March 28, 2019. Martinez-Garces did not file a notice of appeal. On April 12, 2019, he timely initiated the § 2255 proceedings, eventually filing the Amended § 2255 Motion on June 4, 2019. Martinez-Garces raises two claims of ineffective assistance of counsel regarding his sentence.

**II.    Discussion**

Under Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered on collateral review. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance was deficient, and (2) that as a result of counsel's

deficient performance, the petitioner suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To show that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Id. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

### A. Whether counsel gave ineffective assistance by failing to obtain six months of jail credit

Martinez-Garces's first claim is that his attorney gave ineffective assistance by "failing to obtain six months of Jail Credit to which Petitioner is entitled…." Amended § 2255 Motion at 5. Martinez-Garces states that he was detained at the Duval County Pretrial Detention Center from April 26, 2018, until October 10, 2018, when the ICE deportation officer "was notified that local charges for Petitioner had been resolved and that he was

ready to be picked up on the ICE detainer." Id. Martinez-Garces then mentions that he was in continuous federal custody starting on October 10, 2018. Id. Martinez-Garces goes on to state that "[o]nce Petitioner's local charges had been resolved, jail credit should reflect that time until sentence and not eight (8) days he spent in Administrative Custody." Id. Martinez-Garces's claim is somewhat ambiguous based on these statements. The claim could be construed as asserting that Martinez-Garces was entitled to credit for the nearly six months he spent in the Duval County jail on state charges for heroin and evidence-tampering offenses (from April 26, 2018, to October 10, 2018). But the claim also could be construed as asserting that Martinez-Garces was entitled to credit for the nearly six months he spent in federal custody before the sentence was imposed (from October 10, 2018, until his sentencing on March 27, 2019).

In its Response, the United States interprets the claim as referring only to the time Martinez-Garces spent in federal custody. See Response at 2-3. The United States argues that, based on Martinez-Garces's projected release date of June 23, 2020, it appears he did receive credit for the time spent in federal custody. See id. 4-5; (see also Civ. Doc. 10-1, BOP Printout). Regardless, the United States argues that the BOP, not the Court, is responsible for calculating credit for time served in presentence detention, and that a challenge to the time-served calculation can only be made in a habeas corpus petition under 28 U.S.C. § 2241 after exhausting administrative remedies, neither of which Martinez-Garces has done. Response at 3-4. Thus, the United States implicitly argues that counsel could not have been ineffective for not challenging the calculation of time-served credits because (1) the sentencing hearing was not the appropriate forum in which to raise that challenge and (2) Martinez-Garces was not prejudiced because the BOP in fact gave

Martinez-Garces credit for the time he spent in federal custody.[3]

Regardless of whether Martinez-Garces is referring to the time he spent in the Duval County jail or the time he spent in federal custody, counsel was not ineffective because Martinez-Garces has not been denied any jail credit to which he was entitled. If his claim concerns the time he spent in the Duval County jail on state charges for possessing heroin and evidence-tampering, he was not entitled to any credit against his federal sentence for that period. Under 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(emphasis added). Martinez-Garces spent 167 days in the Duval County jail because he

---

[3] The Court recognizes that the "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). Thus, ordinarily, the sentencing proceeding is not the appropriate forum in which to seek credit for time served. However, under certain circumstances not applicable here, the United States Sentencing Guidelines instruct sentencing courts to "adjust the sentence for any period of imprisonment already served on [an] undischarged term of imprisonment [involving relevant conduct] if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1). And, courts in the Eleventh Circuit have at least entertained ineffective assistance claims where a lawyer allegedly failed to argue that a defendant should receive credit under § 5G1.3. See Marion v. United States, No. 16–15971–G, 2017 WL 8233896, at *5-6 (11th Cir. Oct. 24, 2017) (order denying certificate of appealability). Thus, a federal prisoner can raise a cognizable claim that counsel gave ineffective assistance by failing to argue for time-served credit under U.S.S.G. § 5G1.3. However, §§ 5G1.3(b) and (c) are inapplicable here, and neither party has cited those provisions.

was adjudicated guilty of possession of heroin. PSR at ¶ 28. Thus, the time he spent in the Duval County jail was not imposed "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1), because the federal sentence was imposed for an unrelated identity-theft charge. And although the time he spent in the Duval County jail was the result of a "charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," § 3585(b)(2),[4] the 167-day period in the Duval County jail <u>was</u> "credited against another sentence," § 3585(b), i.e., the state conviction for possession of heroin, PSR at ¶ 28. Thus, Martinez-Garces was not entitled to any credit for the time he spent in the Duval County jail. This conclusion is consistent with the principle that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a); cf. also U.S.S.G. § 5G1.3(d) (Policy Statement) ("In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.").

If Martinez-Garces's claim refers to the time he spent in federal custody, the record reflects that the BOP has given him credit for that period. Pursuant to 18 U.S.C. § 1028A(a)(1), the Court imposed a two-year (24-month) term of imprisonment. Judgment at 2. "Assuming the defendant receives a 15% reduction of his sentence for good behavior in prison, his 24-month sentence will be reduced to 20.4 months." Response at 4. According to the BOP, Martinez-Garces's projected release date is June 23, 2020, which

---

[4] Martinez-Garces was arrested on the state heroin charge on April 25 or 26, 2018, PSR at ¶¶ 9, 28, well after he committed the identity-theft offense on June 19, 2015, Plea Agreement at 14.

is almost exactly 20.4 months after he first entered federal custody on October 10, 2018. Thus, the record reflects that the BOP has given Martinez-Garces credit for the time he spent in federal presentence detention.

Because Martinez-Garces has not been denied any time-served credit to which he was entitled, his ineffective assistance claim lacks merit. Therefore, this claim is due to be denied.

**B. Whether counsel gave ineffective assistance by failing to ensure Martinez-Garces was sentenced under the First Step Act of 2018**

Martinez-Garces also claims that counsel gave ineffective assistance because she failed to seek "relief pursuant to The First Step Act of 2018." Amended § 2255 Motion at 5. Martinez-Garces "objects to being sentenced pursuant to the Sentencing Reform Act of 1984, when The First Step Act of 2018 was signed into law on December 21, 2018. The change in law will be more beneficial to the Petitioner." Id. (citing Peugh v. United States, 133 S. Ct. 2072 (2013)).[5] According to Martinez-Garces, "[c]ounsel Susan Good Yazgi failed to move the court on this claim on Petitioner's behalf." Id. at 5-6.

Martinez-Garces, who was sentenced after the effective date of the First Step Act of 2018, fails to point to anything in the record showing that he was sentenced contrary to the provisions of the new law. See Pub. L. No. 115–391, 132 Stat. 5194. He also fails to specify how he was prejudiced under Strickland. Thus, this claim is too vague and conclusory to warrant relief, let alone an evidentiary hearing. Winthrop-Redin v. United

---

[5] In Peugh v. United States, the Supreme Court held that "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense," the Ex Post Facto Clause is violated. 133 S. Ct. at 2078. Peugh is inapposite because Martinez-Garces is not asserting an Ex Post Facto violation.

9

States, 767 F.3d 1210, 1216 (11th Cir. 2014) ("a district court need not hold a hearing if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'") (quoting Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is not entitled to an evidentiary hearing, however, when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible.") (emphasis in original) (quotation marks and citation omitted). In any event, the Court sentenced Martinez-Garces to the statutorily mandated term of two years in prison. 18 U.S.C. § 1028A(a)(1); Judgment at 2. Nothing in the First Step Act of 2018 changed that requirement. As such, this claim is due to be denied.

### III. Conclusion

The Court has considered Martinez-Garces's ineffective assistance claims on the merits and finds that none of the arguments warrants relief under 28 U.S.C. § 2255. Accordingly, it is hereby **ORDERED**:

1. Petitioner Gustavo Martinez-Garces's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 6) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against Martinez-Garces, and close the file.

3. If Martinez-Garces appeals the denial of his motion, the Court denies a certificate of appealability (COA).[6] Because this Court has determined that a COA is not

---

[6] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of February, 2020.

                                          BRIAN J. DAVIS
                                          United States District Judge

lc 19

Copies:
Counsel of record
Petitioner

---

(2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.